UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GREGORY MCCOLLOUGH,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE RIDGEWAY COMMUNITIES;<br>JOCELYN VARGAS; EBONEE THOMAS,<br><br>                    Defendants. | 24-CV-2910 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims in connection with a rental apartment in Yonkers, New York, from which he was evicted. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint. Plaintiff lived in a three-bedroom apartment at 178 Warburton Avenue in Yonkers, New York, which is part of the Ridgeway Communities. Plaintiff had a Section 8 voucher and was paying approximately $500 monthly in rent. "Inspectors" came to his apartment six times, but, for reasons that are not specified, the apartment did not pass the inspections. (ECF 1 at 5.) Plaintiff's Section 8 rent subsidy stopped, but he was unaware of it. Recently, Plaintiff was in the hospital for surgery, and while he was hospitalized, the City Marshal came to his apartment and evicted his family. When Plaintiff was released from the hospital, he called his attorney to let him know what was going on. Plaintiff also went to the Department of Social Services (DSS) seeking assistance, but he was told that DSS could not help him.

Plaintiff has been informed that he "owe[s] back arrears of tw[e]nty thousand[d] dollars." (*Id.*) He contends that his "right has been violated because of back rent arrears." (*Id.* at 2.) Plaintiff sues "The Ridgeway Communities" and two of its employees, Resident Occupancy Specialist Jocelyn Vargas, and Senior Community Manager Ebonee Thomas, seeking unspecified relief.

## DISCUSSION

A.     **Subject Matter Jurisdiction in Federal Court**

The subject matter jurisdiction of the federal district courts is limited.[1] A federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1.     **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke any federal law, and the allegations of the complaint do not suggest that he has any readily apparent federal claims against apartment complex Ridgeway Communities, and its employees.

---

[1] By contrast, state courts have general jurisdiction to hear claims arising under state or federal law.

3

Plaintiff has alleged that his "Section 8" rental subsidy ended, but based on the facts alleged, this does not appear to give rise to any federal claim against Defendants. "Section 8 of the United States Housing Act of 1937, as codified by 42 U.S.C. § 1437f, is a federal housing assistance program that provides, among other things, rental assistance to eligible low-income tenants who reside in units owned by participating landlords." *Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at * 1 n. 2 (E.D.N.Y. May 30, 2014) (citations omitted). The Housing Act requires inspections of apartments for which assistance payments are made. *See* 42 U.S.C. § 1437f (requiring that that for "each dwelling unit for which a housing assistance payment contract is established under this subsection, the public housing agency . . . shall inspect the unit . . . ." for compliance with housing quality standards). Courts in this Circuit have found that a private plaintiff has no right to sue under the Housing Act for alleged violations of housing quality standards or for the public housing agency's failure properly to enforce such standards. *See, e.g., Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *15 (E.D.N.Y. Sept. 2, 2014) ("Although the Second Circuit has not addressed this issue, numerous courts, including district courts in this Circuit, have routinely found that no private right of action exists under the Housing Act for the failure to enforce a landlord's compliance with housing quality conditions.") (collecting cases). Plaintiff's allegations regarding his Section 8 subsidy thus do not appear to give rise to any federal claim.[2]

---

[2] It is unclear whether Plaintiff may have some administrative remedy that he can pursue through the public housing agency, if he has not already done so. *See*, *e.g*., 24 C.F.R. § 966.54 (describing administrative process). Plaintiff does not allege that he has pursued any administrative remedy, nor does he request review, if available, of any final agency action.

### 2. Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a). Plaintiff alleges that he lives in New York and that Defendant Ridgeway Communities is a citizen of New York. (ECF 1 at 3.) He does not identify the domicile of the individual defendants, and instead he provides addresses for them in Yonkers, New York, where they work. Because both Plaintiff and Defendant Ridgeway Communities are alleged to be citizens of New York, there is no complete diversity of citizenship. Plaintiff also does not allege facts about the amount in controversy, though he seems to assert claims in connection with disputed rent arrears of $20,000, an amount which is below the jurisdictional minimum. For all of these reasons, Plaintiff also fails to meet his burden of pleading facts showing that the Court has diversity jurisdiction of this matter.[3]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear whether amendment is wholly futile, the Court grants Plaintiff 30 days' leave to amend his complaint to

---

[3] Nothing in this order prevents Plaintiff from pursuing claims in state court regarding disputed rent arrears, either by raising his arguments in existing proceedings or in a new state court action.

allege claims of which the federal court has subject matter jurisdiction. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  May 22, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge